United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA L. ANDERSON, | No. C 05-04292 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| AMERICAN AIRLINES, | |
| Defendant. | |

On March 17, 2006, the Court heard argument on defendant's motion to dismiss plaintiff's complaint. Having carefully considered the arguments of counsel and the papers submitted, and for good cause appearing, the Court DENIES defendant's motion.

## BACKGROUND[1]

Plaintiff Greta Anderson was formerly employed by defendant American Airlines ("American") as a flight attendant. On October 21, 2005, she filed this action against American, alleging that she had been discriminated against based upon perceived mental disability and sex. Plaintiff's complaint includes a single cause of action based upon California's Fair Employment and Housing Act ("FEHA").

Plaintiff's complaint, and the documents attached to it, make clear that on June 10, 2004, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Through a workshare agreement, EEOC filed a Charge of Discrimination on plaintiff's behalf with the California Department of Fair Employment and Housing ("DFEH"). On June 16, 2004, DFEH issued plaintiff a Right-to-Sue letter, and on October 27, 2004, EEOC issued plaintiff a Right-to-

---

[1] As this is a motion to dismiss pursuant to Rule 12(b)(6), the facts cited by the plaintiff are presumed true. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

1  Sue letter. Plaintiff filed this suit on October 21, 2005. Defendant now moves to dismiss the complaint
2  pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A motion to dismiss will only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986). The Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher*, 828 F.2d at 561. Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendant argues that plaintiff's complaint should be dismissed because it is time barred. Defendant argues that since plaintiff received Right-to-Sue letters from both the EEOC and FEHA, the deadline to file suit stated in California Government Code § 12965(d) applies:

> (1) Notwithstanding subdivision (b), the one-year statute of limitations, commencing from the date of the right-to-sue notice by the Department of Fair Employment and Housing, to the person claiming to be aggrieved, shall be tolled when all of the following requirements have been met:
>
> (A) A charge of discrimination or harassment is timely filed concurrently with the Equal Employment Opportunity Commission and the Department of Fair Employment and Housing.

          (B) The investigation of the charge is deferred by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.

          (C) A right-to-sue notice is issued to the person claiming to be aggrieved upon deferral of the charge by the Department of Fair Employment and Housing to the Equal Employment Opportunity Commission.

     (2) The time for commencing an action for which the statute of limitations is tolled under paragraph (1) expires when the federal right-to-sue period to commence a civil action expires, or one year from the date of the right-to-sue notice by the Department of Fair Employment and Housing, whichever is later.

Cal Gov't Code § 12965(d).

     The Court agrees that plaintiff's complaint did not comply with the filing deadlines mandated by § 12965. Plaintiff's EEOC Right-to-Sue letter, dated October 27, 2004, stated that plaintiff must file suit under Title VII or the Americans with Disabilities Act within 90 days of receiving the letter – *i.e.*, before January 25, 2005. Compl. at Ex. C. In addition, plaintiff received her FEHA Right-to-Sue letter on June 16, 2004, which states that a civil action must be filed within one year – *i.e.*, by June 16, 2005. Given these dates, the deadline for filing a FEHA suit was June 16, 2005, which is the later of the federal deadline, January 25, 2005 (90 days after October 27, 2004) and the state deadline, June 16, 2005 (one year after June 16, 2004). *See* Cal. Gov't Code § 12965(d)(2).[2] Plaintiff filed her suit on October 21, 2005, which is more than four months past the deadline. Accordingly, plaintiff's complaint was not timely.

     Plaintiff argues, however, that the statute of limitations should be equitably tolled because she was misled by EEOC representatives.[3] Following oral argument, plaintiff submitted a supplemental declaration further explaining her delay in filing this action. In the declaration, she asserts that she "had

---

[2] Plaintiff argues that the word "tolled" as used in California Government Code § 12965(d)(1) means that the one year statute of limitation on a FEHA claim does not run at all during an EEOC investigation. However plaintiff ignores that the legislature has acted as its own lexicographer in defining "tolled" in California Government Code § 12965(d)(2). This result does not frustrate the holding in *Downs v. Department of Water & Power*, 58 Cal. App. 4th 1093 (Cal. Ct. App. 1997), because the complaint in *Downs* was filed within 90 days of the date the plaintiff received her EEOC Right-to-Sue letter.

[3] Because the Court finds that the EEOC's representations to plaintiff are sufficient to avoid dismissal on statute of limitations grounds, it is not required to reach the question of the adequacy of the language in DFEH's right-to-sue letter. The Court observes, however, that the right-to-sue letter, which states that the "one-year period will be tolled during the pendency of the EEOC's investigation of your complaint," may be confusing. Unlike the statute to which it refers, the right-to-sue letter uses the word "tolling" without providing the explanation set out in § 12965(d)(2).

numerous conversations with the EEOC" and that "one of the EEOC representatives . . . advised me that my lawsuit had to be filed by between October 25 and October 27, 2005, the exact date of which I cannot recall." Anderson Decl., ¶ 6. Based on this advice, plaintiff did not retain her lawyer until October 2005, well after the statutory deadline had run. *Id.* at ¶ 7.

The Court believes that plaintiff's affidavit is sufficient to raise a genuine issue of fact regarding whether she was misled by the EEOC's comments. Under California law, "[t]hree factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by plaintiffs in filing the second claim." *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1100 (Cal. App. 1997). Here, it is undisputed that the first two factors are satisfied; plaintiff timely filed her DFEH complaint, and defendant has not made any argument that it will be prejudiced by the untimely filing of plaintiff's civil case.

As to the third factor, plaintiff's affidavit is sufficient to defeat defendant's motion to dismiss. The Ninth Circuit has explicitly found such affidavits to prevent the statute of limitations from running when they create "a triable issue of fact with respect to whether [plaintiff] was misled by the [agency]." *Rodriguez*, 265 F.3d 890, 902 (9th Cir. 2001) ("This circuit has held that self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory."). Although plaintiff's affidavit only refers to discussions with EEOC representatives, when the DFEH defers to the EEOC in processing claims, courts have attributed actions taken by the EEOC to the DFEH. *See Downs*, 58 Cal. App. 4th 1093, 1102 (Cal. App. 1997); *see also Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1326 (9th Cir. 1987) ("The state agency deferred the investigation and processing of [the employee's] claims to the EEOC. The administrative proceedings of the EEOC replaced those of the state agency.").

The Court therefore finds that there is a genuine issue of fact with respect to whether plaintiff was misled by the EEOC as to the timing requirements for filing suit. Accordingly, defendant's motion to dismiss is DENIED.

4

///

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss (Docket No. 6).

**IT IS SO ORDERED.**

Dated: April 17, 2006

SUSAN ILLSTON
United States District Judge