**GREGORY S. REDMOND, ESQ.** (SBN158135)
430 RAILROAD AVENUE
PITTSBURG, CA 94565
TELEPHONE:   925.427.9023
FACSIMILE:   925.427.3020

ATTORNEY FOR PLAINTIFF
GRETA ANDERSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA ANDERSON,<br><br>　　　　PLAINTIFF,<br><br>V.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　DEFENDANT. | CASE NO: C05-04292 SI<br><br>**STIPULATION RE: FIRST AMENDED COMPLAINT AND ORDER** |

At the Case Management Conference on June 2, 2006, Plaintiff advised the Court she intended to amend the pending Complaint and the Court therein set a schedule of dates. Pursuant to such schedule, the Court ordered Plaintiff to provide American Airlines' counsel with a copy of the proposed First Amended Complaint by June 30, 2006. American Airlines' counsel was ordered to advise Plaintiff's counsel whether it would object to such proposed First Amended Complaint or would stipulate to Plaintiff's filing of the First Amended Complaint by July 7, 2006.

On or about June 30, 2006, Plaintiff's counsel provided American Airlines' counsel with a copy of the proposed First Amended Complaint, a copy of which is attached hereto as Exhibit A. Prior to July 7, 2006, America Airlines' counsel notified Plaintiff's counsel of its willingness to stipulate to the filing of the proposed First

1
STIPULATION RE: FIRST AMENDED COMPLAINT AND ORDER
ANDERSON V. AMERICAN AILRINES, INC.
CASE NO. C05-04292 SI

Amended Complaint without waiving and reserving its right to file a Motion to Dismiss under FRCP 12(b)(6) as well as preserving any and all affirmative defenses relating to the proposed First Amended Complaint including without limitation any defenses based on statute of limitations.

Dated: July 12, 2006

GREGORY S. REDMOND, ESQ.

Attorney for Plaintiff

GRETA ANDERSON

Dated: July __, 2006

KENNETH R. O'BRIEN, ESQ.

Attorney for Defendant

AMERICAN AIRLINES

2

STIPULATION RE: FIRST AMENDED COMPLAINT AND ORDER
ANDERSON V. AMERICAN AIRLINES, INC.
CASE NO. C05-04292 SI

1 **ORDER**

2 Good cause appearing, the Court grants Plaintiff's request to file the First

3 Amended Complaint and thereby reserves American Airlines' right to file a FRCP

4 12(b)(6) motion and assert affirmative defenses relating to the First Amended Complaint.

5 

Date: July __, 2006

*/s/ Susan Illston*

6 Judge Susan Illston

# GREGORY S. REDMOND
*Attorney at Law*
430 RAILROAD AVE.
PITTSBURG, CA 94565
TEL: (925) 427-9023
FAX: (925) 427-3020

## FACSIMILE TRANSMITTAL

DATE: July 12, 2006

NO. OF PAGES: 16

FACSIMILE NO:

RE: Anderson v. American Airlines, Inc.

TO: Ken O'Brien, Esq.
FAX:
TELEPHONE:

FROM: **Gregory S. Redmond, Esq.**

MESSAGE: Stip Re: First Amended Complaint

************************************************************************
### CONFIDENTIAL DOCUMENT

The information on these documents is meant solely for the use of the designated recipient above. This information is a privileged communication from attorneys or their agents. If you are not the designated recipient or an agent of the designated recipient responsible for delivery of this document, you have received these documents in error. As such, any copying, reviewing, dissemination or distribution of these documents is strictly prohibited. If you have received these documents in error please contact our office immediately at (510)-427-9023 and return the documents by mail.

07/12/2006 12:25 9254273020 JOHNSON LAW FIRM PAGE 05/16
Case 3:05-cv-04292-SI Document 36 Filed 07/20/06 Page 5 of 10
Case 5:05-cv-04292-SI Document 34 Filed 07/12/2006 Page 5 of 16

1 | GREGORY S. REDMOND, ESQ. (SBN158135)
  | 430 Railroad Avenue
2 | Pittsburg, CA 94565
  | Telephone: 925.427.9023
3 | Facsimile: 925.427.3020
4 |
  | Attorney for Plaintiff
5 | Greta Anderson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA ANDERSON, | ) CASE NO: C05-04292 SI |
| PLAINTIFF, | ) FIRST AMEMDED COMPLAINT FOR |
| | ) EMPLOYMENT DISCRIMINATION, |
| V. | ) HARASSMENT, RETALIATION, |
| | ) WRONGFUL TERMINATION IN |
| | ) VIOLATION OF PUBLIC POLICY, |
| | ) INTERFERENCE WITH EXERCISE |
| AMERICAN AIRLINES, INC., | ) OF CIVIL RIGHTS |
| DEFENDANT. | ) |

1. This case seeks relief for employment discrimination under the California Fair Employment & Housing Act ("FEHA"), common law wrongful termination in violation of public policy and interference with exercise of civil rights pursuant to California Civil Code Section 52.1. The Court has jurisdiction based on 28 U.S.C. 1332 on grounds that there is complete diversity between the parties and the amount in controversy is greater than $75,000.

2. Venue is proper in that Defendant, American Airlines, maintains offices in San Francisco, California and does business in this judicial district. The alleged discriminatory employment practices took place in San Francisco, California, within this judicial district.

3. Plaintiff is informed and believes and thereupon alleges that Defendant, American Airlines ("AA"), is a corporation organized and existing under the laws of the State of Texas, with its corporate headquarters located in Houston, Texas.

4. At all times relevant herein, AA has maintained a corporate office in San Francisco, California. At all times relevant herein, Plaintiff, Greta Anderson, ("Anderson"), is and was a resident of the State of Nevada and was employed by AA's San Francisco, California, Base Operations Office.

5. At all times relevant herein, Anderson was employed by AA as a flight attendant based out of AA's San Francisco Base Operations Office. In August 2003, Anderson had worked for AA for approximately 30 years.

6. On or about August 20, 2003, Anderson was involved in an incident with a passenger on AAL Flight 1860 from Dallas, TX to Ft. Myers, FL wherein a passenger committed a physical assault and battery against Anderson as a result of Anderson's attempts to diffuse a situation between two passengers during the flight. The next day, airline pilot, Hoffman accused Anderson of conflict with the irate female passenger, whereas Anderson had followed company taught procedure within her safety duties to minimize the in-flight passenger disturbance.

7. On August 21, 2003, approximately thirty minutes prior to AAL Flight 659's departure, airline pilot, Hoffman yelled at Anderson and pursued her, driving her backwards, down the aisle of the plane with a raised a fist due to Hoffman's erroneous belief Anderson had made a complaint to AA against a gate agent named Jose Lepe. In fact, Anderson did not report Lepe as accused by Hoffman—another flight attendant, Melissa Dimino, had made the complaint against Lepe.

8. Immediately after the AAL Flight 659 landed in Dallas/Ft. Worth, Anderson was removed from her flight by AA DFW Flight Service Managers and escorted by AA personnel to an office wherein Anderson was required to provide a written statement detailing the incidents regarding Flight Sequence 25666 ("the Sequence").

9. During this meeting, Anderson was instructed by AA personnel to provide a written statement regarding her (Anderson's) alleged "negative" behavior on the Sequence 25666. Plaintiff is informed and believes and thereupon alleges that AA had already made an immediate determination Anderson was guilty of committing acts of "negative" behavior on the Sequence before even conducting an impartial investigation into the incidents. As requested, Anderson provided a detailed account of the incidents with diagrams. Anderson also supplied AA several written witness statements from passengers who were percipient witnesses corroborating Anderson's version of the incidents on the Sequence.

10. Four flight crew members were also asked to provide written statements regarding Sequence 25666: airline pilot Randy Hoffman; First Officer, Jill McCollough; Flight Attendant, Susan Lacasse; Flight Attendant, Melissa Dimino (collectively referred to as "flight crew"). Plaintiff is informed and believes and thereupon alleges that the flight crew coordinated their written statements and made false reports to AAL regarding the alleged incidents pertaining to Anderson of the Sequence. In a letter to Sgt. Glick of the Ft. Myers Police, Hoffman stated he invoked "Captain's Authority" and had Anderson removed from the plane for a personal motive in that he claimed Anderson had allegedly threatened legal action against him.

11. Following the August 21, 2003 incidents, Anderson filed a police report with the Ft. Myers Police Department against Hoffman. Additionally, Anderson filed several other internal reports ("internal reports") with AA regarding the incident in accordance with AA's procedure and protocol including allegations that Hoffman physically assaulted Anderson. Anderson is informed and believes and thereupon alleges that no other flight crew member made any internal reports with AA in conformance with AA's procedure and protocol.

12. Plaintiff is informed and believes and thereupon alleges that, as of August 25, 2003, AA had made a decision to force Anderson into psychiatric counseling due to the contents of her internal reports. Plaintiff is informed and believes and thereupon alleges that no other flight crew member was forced into or threatened to submit to psychiatric counseling as a condition of continued employment as a result of any incidents relating to the Sequence.

13. On September 4, 2003, Anderson met with AA management at the San Francisco Base Office for a so-called "fact-finding" meeting relating to the Sequence. At the conclusion of this "fact-finding" meeting, AA's San Francisco Base Manager, Michael Lambert, informed Anderson that she was being taken off the line because she was "psychiatrically unsound" and ordered her into psychiatric counseling. Anderson is informed and believes and thereupon alleges that AA regarded her as being disabled based on a mental disability without legitimate job justification in that Anderson was being forced into psychiatric counseling for merely drafting internal reports required by AA's procedure and protocol.

14. During the course of Anderson's employment with AA, on at least four separate occasions prior to September 4, 2003, AA took Anderson off the line and forced her to undergo psychiatric/psychological evaluation under threat of termination. On each of the four prior occasions, Anderson underwent psychiatric/psychological evaluation as ordered by AA without diagnosis of mental disability. Anderson is informed and believes and thereupon alleges that AA had no legitimate business justification to order Anderson

4

FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION
ANDERSON V. AMERICAN AIRLINES, INC.
CASE NO. C05-04292 SI

07/12/2006 12:25 9254273020 JOHNSON LAW FIRM PAGE 09/16
Case 3:05-cv-04292-SI Document 34 Filed 07/17/2006 Page 9 of 16
Case 3:05-cv-04292-SI Document 36 Filed 07/20/06 Page 9 of 16

into psychiatric/psychological evaluation on any of the four prior occasions.

15. On or about October 15, 2003, AA "officially" suspended Anderson without pay, locked her out from the information network and stripped her of her employee number. Nonetheless, AA continued to order her into psychiatric/psychological counseling.

16. On or about March 9 and 10, 2004, Anderson under threat of termination, underwent psychiatric evaluation with Dr. Robert S. Brown ("Dr. Brown") in Charlottesville, Virginia.

17. On or about April 6, 2004, Anderson learned Dr. Brown had disabled her from her position. As a result of Dr. Brown's report, AA ordered Anderson into board certified psychiatric counseling along with a treatment plan.

18. Anderson is unable to refute Dr. Brown's report in that she has been unable to obtain the contents and determinations of said report. After April 6, 2004, Anderson made several requests of Dr. Brown to obtain his report, the tests conducted and the findings therein. Dr. Brown has and continues to refuse to directly provide Anderson his report.

19. On May 12, 2004, AA directed Anderson to cease contacting Dr. Brown and threatened to terminate her employment if she continued to contact Dr. Brown. Anderson is informed and believes and thereupon alleges that she has a legal right under Virginia, Nevada, California and federal law to contact Dr. brown for purposes of obtaining a copy of her medical records.

20. On March 4, 2005, AA again directed Anderson to cease contacting Dr. Brown under threat of termination.

21. On March 18, 2005, AA again directed Anderson to cease contacting Dr. Brown under threat of termination.

5

FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION
ANDERSON V. AMERICAN AIRLINES, INC.
CASE NO. C05-04292 SI

22. On March 28, 2005, AA again directed Anderson to cease contacting Dr. Brown under threat of termination.

23. On August 30, 2005, AA again directed Anderson to cease contacting Dr. Brown under threat of termination.

24. On September 15, 2005, AA terminated Anderson's employment for insubordination based on her refusal to follow AA's directives to cease contacting Dr. Brown.

25. Plaintiff is informed and believes and thereupon alleges that she had a legal right to contact Dr. Brown for purposes of requesting her medical records; that AA's repeated directives dated May 12, 2004, March 4, 18, 28, August 30, 2005 were illegal harassment; that AA's termination of her employment on September 15, 2005, constituted unlawful employment discrimination under FEHA, wrongful termination in violation of public policy and interfered with exercise of her civil rights.

FIRST CAUSE OF ACTION

(Unlawful Employment Harassment, Discrimination and Retaliation Under FEHA)

California Government Code Section 12940 et seq.

26. Plaintiff incorporates by reference Paragraphs 1-25, as if fully alleged herein.

27. Plaintiff alleges:

(a) AA's actions of taking Anderson off the line on September 4, 2003, because AA regarded her as "psychiatrically unsound" constitutes an unlawful employment practice under California Government Code Section 12940 et seq. in that (i) AA unlawfully discriminated against Anderson in that AA regarded as having an actual or perceived mental disability which limited a major life activity—working; (ii) AA unlawfully retaliated against Anderson for reporting Hoffman's assault on her person and

6

reference to Anderson as a "tall blonde" to the AA Event Hotline and other personnel during the investigation of the August 21, 2003 incident; (iii) AA committed unlawful harassment under FEHA based on mental disability and sex; and (iv) AA discriminatorily handled Anderson's report regarding Hoffman's assault on her person on the basis of sex and retaliation for reporting Hoffman's assault;

(b) AA's decision to force Anderson into psychiatric counseling as of August 25, 2003, based on her following AA procedure and protocol, including contacting AA's Event Hotline to report Hoffman's assault on her person and reference to Anderson as a "tall blonde" constitutes harassment and retaliation under FEHA based on mental disability and sex;

(c) AA's suspension of Anderson's employment effective October 15, 2003, without pay, was discriminatory, retaliatory, and constituted unlawful harassment in violation of FEHA based on perceived mental disability;

(d) AA's order that Anderson undergo psychiatric evaluation with Dr. Brown on March 9 and 10, 2004, under threat of termination, was discriminatory, retaliatory and constituted unlawful harassment in violation of FEHA based on perceived mental disability and sex and was without job related justification;

(e) AA's ordering Anderson into psychiatric counseling and treatment plan with a board certified psychiatrist, under threat of termination, was discriminatory, retaliatory and constituted unlawful harassment in violation of FEHA based on perceived mental disability and sex and without job related justification;

(f) AA's written directives issued to Anderson dated May 12, 2004, March 4, 18, 28, August 30, 2005 directing Anderson to cease communications with Dr. Brown's office, under threat of termination, was discriminatory, retaliatory and constituted unlawful harassment in violation of FEHA based on perceived medical disability and sex and was without job related justification in that Anderson had a legal right under Virginia, Nevada, California and federal law to contact Dr. Brown's office to obtain

copies of her medical records: and

(g) AA's termination of Anderson's employment on September 15, 2005, for insubordination based on her refusal to cease communications with Dr. Brown's office for purposes of requesting her medical records was discriminatory, retaliatory and constituted unlawful harassment in violation of FEHA based on perceived medical disability and sex.

28. As a direct and proximate result of AA's unlawful employment practices as alleged in Paragraph 27 above, Anderson has and will continue to suffer loss of wages in an amount according to proof at trial in excess of $75,000.

29. As a further and direct and proximate result of AA's unlawful employment practices as alleged in Paragraph 27 above, Anderson has and continues to suffer emotional distress and mental anguish in an amount according to proof at trial in excess of $75,000.

30. Plaintiff is informed and believes and thereupon alleges that the above-referenced unlawful employment practices were done with malice, fraud, or oppression and subject AA to punitive damages. Plaintiff is further informed and believes and thereupon alleges that such unlawful employment practices were carried out by, or with ratification and/or authorization by, an officer, director or managing agent of AA with the intent to deprive Anderson of her legal rights.

31. On June 10, 2004, Anderson filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("First EEOC Charge"). A copy of the Charge of Discrimination is attached hereto as Exhibit A and is incorporated by reference.

32. On or about June 10, 2004, the EEOC through its workshare agreement with the California Department of Fair Employment & Housing ("First DFEH Charge"), filed a Charge of Discrimination with the DFEH.

33. On or about June 16, 2004, the DFEH issued Anderson a Right-to-Sue letter ("First Right-to-Sue Letter") relating to the First DFEH Charge while the EEOC was investigating Anderson's First EEOC Charge of Discrimination. A copy of the First DFEH Right-to-Sue Letter is attached hereto as Exhibit B and is incorporated herein by reference.

34. On October 27, 2004, the EEOC issued Anderson a Right-to-Sue letter ("First EEOC Right-to-Sue Letter") relating to her First EEOC Charge. A copy of the First EEOC Right-to-Sue Letter is attached hereto as Exhibit C and is incorporated herein by reference.

35. Prior to June 16, 2005, an EEOC representative advised Anderson that she had until late October 2005 to file suit against AA. In reliance on this representation, Anderson did not file suit, while pro per, until October 21, 2005. Plaintiff alleges that, under the doctrine of equitable tolling, her complaint was timely filed.

36. On or about _____, Anderson filed another Charge of Discrimination with the EEOC ("Second EEOC Charge"). A copy of the Second EEOC Charge is attached hereto as Exhibit D.

37. On or about _____, the EEOC though its workshare agreement with the California Department of Fair Employment & Housing filed a Charge of Discrimination with the DFEH ("Second DFEH Charge").

38. On or about June 11, 2006, the EEOC issued Anderson another Right-to-Sue letter ("Second EEOC Right-to-Sue Letter") relating to her Second EEOC Charge. A copy of the Second EEOC Right-to-Sue Letter is attached hereto as Exhibit E and is incorporated herein by reference.

39. On or about _____, the DFEH issued Anderson another Right-to-Sue letter ("Second DFEH Right-to-Sue Letter") relating to her Second DFEH Charge. A copy of

the Second DFEH Right-to-Sue Letter is attached hereto as Exhibit F and is incorporated herein by reference.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

## SECOND CAUSE OF ACTION

(Wrongful Termination in Violation of Public Policy)

40. Plaintiff incorporates by reference Paragraphs 1-39, inclusive, as if fully alleged herein.

41. Plaintiff is informed and believes and thereupon alleges that AA's termination of Anderson's employment on September 15, 2005, was in violation of public policy embodied in California Government Code Sections 12926, 12940 and 45 CFR 164.524(b)(1).

42. As a direct and proximate result of AA's wrongful termination of Anderson's employment in violation of public policy, Anderson has and will continue to suffer loss of wages and other employment benefits in an amount according to proof at trial in excess of $75,000.

43. As a further and direct and proximate result of AA's wrongful termination of Anderson's employment in violation of public policy, Anderson has and continues to suffer emotional distress and mental anguish in an amount according to proof at trial in excess of $75,000.

44. Plaintiff is informed and believes and thereupon alleges that the above-referenced wrongful termination of Anderson's employment in violation of public policy was done with malice, fraud, or oppression and subject AA to punitive damages. Plaintiff is further informed and believes and thereupon alleges that such wrongful termination was carried out by, or with ratification and/or authorization by, an officer, director or managing agent of AA with the intent to deprive Anderson of her legal rights.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

THIRD CAUSE OF ACTION

(Interference/Attempted Interference With Exercise Of Civil Rights)

(Tom Bane Civil Rights Act—California Civil Code Section 52.1)

45. Plaintiff incorporates by reference Paragraphs 1-44, inclusive, as if fully alleged herein.

46. AA's written directives issued to Anderson dated May 12, 2004, March 4, 18, 28, August 30, 2005 directing Anderson to cease communications with Dr. Brown's office, under threat of termination or other job related reprisal, and termination of her employment on September 15, 2005, constituted threats, intimidation and/or coercion which attempted to interfere with and did interfere with Anderson's exercise and enjoyment of her rights secured by the laws of United States to wit: 45 CFR 164.524(b)(1).

47. As a direct and proximate result of AA's interference or attempted interference with Anderson's exercise of rights secured under the laws of the United States, Anderson was terminated from employment for refusing to relinquish such secured legal rights and has and continues to suffer loss of wages and other employment benefits in an amount according to proof at trial in excess of $75,000.

48. As a further and direct and proximate result of AA's interference or attempted interference with Anderson's exercise of rights secured under the laws of the United States, Anderson has and continues to suffer emotional distress and mental anguish in an amount according to proof at trial in excess of $75,000.

49. Plaintiff is informed and believes and thereupon alleges that the above-referenced interference or attempted interference with Anderson's exercise of rights secured under the laws of the United States was done with malice, fraud, or oppression

and subject AA to punitive damages. Plaintiff is further informed and believes and thereupon alleges that interference or attempted interference was carried out by, or with ratification and/or authorization by, an officer, director or managing agent of AA with the intent to deprive Anderson of her legal rights.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

1. For Loss of Wages, past and future, in an amount according to proof at trial;

2. Emotional distress damages in an amount according to proof at trial;

3. An award of costs of suit;

4. An award of attorney's fees on the First and Third Causes of Action; and

5. All additional and further relief the court may deem appropriate.

Dated: June 29, 2006

_____

GREGORY S. REDMOND, ESQ.

Attorney for Plaintiff

Greta Anderson