1   GREGORY S. REDMOND, ESQ. Bar No. 158135
      430 Railroad Avenue
2   Pittsburg, CA 94565
      Telephone:   925.427.9023
3   Facsimile:    925.427.3020

4   Attorneys for Plaintiff
      GRETA ANDERSON
5

6   KENNETH R. O'BRIEN, Bar No. 072128
      LITTLER MENDELSON
7   A Professional Corporation
      2520 Venture Oaks Way, Suite 390
8   Sacramento, CA 95833.4227
      Telephone:   916.830.7200
9   Facsimile:    916.561.0828
      E-mail: kobrien@littler.com
10

11  Attorneys for Defendant
     AMERICAN AIRLINES, INC.
12

13                     UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15                    SAN FRANCISCO DIVISION

| | |
|---|---|
| 16  GRETA L. ANDERSON, | Case No. C 05-04292 SI |
| 17         Plaintiff, | **[PROPOSED] JOINT STIPULATION TO AMEND SCHEDULING ORDER** |
| 18      v. | |
| 19  AMERICAN AIRLINES, INC., et al., | |
| 20        Defendant. | |

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833.4227
916.830.7200

Firmwide:82729550.1 009001.1300                                     Case No. C 05-04292 SI

1    As the Court is aware, the parties have been trying to schedule and conclude the

2    deposition of Dr. Robert S. Brown, Sr., who practices and resides in Virginia.  Dr. Brown has

3    represented that he works full time during the work week in Ft. Lee, Virginia, treating servicemen

4    and women in need of psychiatric treatment who are returning from the war in Iraq.  He has

5    represented that his earliest available date for deposition are two Saturdays in late July, but counsel

6    for both Plaintiff and Defendant are unavailable to depose Dr. Brown on the proposed dates.

7    Accordingly, counsel for Plaintiff and Defendant have tentatively agreed to depose Dr. Brown on

8    Saturday, August 11, 2007.

9    Furthermore, it appears that Dr. Brown is continuing to seek an order from the

10   District Court for the Western District of Virginia limiting or at least delaying turning over many of

11   the medical tests he administered to Plaintiff as part of his examination of Plaintiff.  Dr. Brown has

12   requested the Virginia court to not order him to release materials unless (1) they are released only

13   and directly to Plaintiff's psychological experts, (2) unless the legal owners of certain copyrights on

14   the test materials which Plaintiff was administered expressly authorize the release of such materials,

15   and (3) restrict the time and place where his records must be released.  Dr. Brown's request makes

16   no allowance for Defendant to obtain his records and restricts Defendant's ability to have consultants

17   or experts assist Defendant.   A true and correct copy of Dr. Brown's attorney's most recent

18   correspondence to the Virginia court is attached hereto as Exhibit A.

19   As the Court is aware, Dr. Brown's deposition must precede the depositions of other

20   witnesses and directly impacts Plaintiff's and Defendant's ability to retain and consult with expert

21   psychiatric or psychological witnesses and consultants.  Furthermore, as the court is aware, the

22   parties had agreed to conduct a few remaining witness depositions in Texas after completing Dr.

23   Brown's deposition so that counsel would only be forced to make one additional out of state trip to

24   complete them.  Accordingly, the inability to depose Dr. Brown earlier than August severely impacts

25   the ability of the parties to comply with the court's existing scheduling order, and each side will be

26   severely prejudiced unless the current scheduling order is modified to allow the parties to consult

27   with and retain experts, prepare their reports, prepare for and defend against dispositive motions, and

28   to prepare for trial.  It is clear that the parties have attempted with all due speed to meet the court's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA  95833-4227
916.830.7200

Firmwide:82729550.1 009001.1300

Case No.  C 05-04292 SI

[PROPOSED] JOINT STIPULATION TO AMEND SCHEDULING ORDER

current scheduling order, but that they are unable to do so due to Dr. Brown's motion to quash his deposition subpoena.

Accordingly, the parties through their counsel respectfully request that the court modify the existing scheduling order as follows, or as otherwise may comply with the court's other duties and calendar:

1.    Initial expert disclosures due August 31;

2.    Rebuttal designation due September 21;

3.    Expert discovery cut off extended to October 31;

4.    Dispositive motion filed by November 30;

5.    Opposition filed by December 14,

6.    Reply filed December 21.

7.    Hearing on dispositive motions to be set by court in view of Holiday schedule-- possibly as early as January 4 or January 11

8.    Pretrial filings due 21 days after ruling on dispositive motions heard or otherwise as set by court (estimated sometime in February)

9.    Pretrial 7-14 days after pretrial filings (estimate March)

10.    Trial -sometime in April, 2008

Respectfully submitted,

Dated: July 9, 2007

/s/
_____
GREGORY S. REDMOND, ESQ.
Attorneys for Plaintiff
GRETA ANDERSON

Dated:    July 9, 2007

/s/
_____
KENNETH R. O'BRIEN
LITTLER MENDELSON
Attorneys for Defendant
AMERICAN AIRLINES, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833 4227
916.830.7200

FIRMWIDE:82729550.1 009001.1300        2.        (No. C 05-04292 SI)

[PROPOSED] JOINT STIPULATION TO AMEND SCHEDULING ORDER

# [PROPOSED ORDER]

THE COURT HEREBY ORDERS THE FOLLOWING based on the Joint Stipulation to Amend Scheduling Order of all parties and good cause being shown therefore:

| | |
|---|---|
| Initial expert disclosures will be due: | 08/31/07 |
| Rebuttal designation will be due: | 09/21/07 |
| Expert discovery cut off extended will be due: | 10/31/07 |
| Dispositive Motion to be filed by: | 11/30/07 |
| Opposition to Dispositive Motion to be filed by: | 12/14/07 |
| Reply to Opposition to be filed by: | 12/21/07 |
| Hearing on Dispositive Motions to be heard on: | 1/4/08 |
| Pretrial filings to be ~~heard~~ due on: | 2/5/08 |
| Pretrial hearing to be held on: | 2/19/08 |
| Trial to be set on: | 3/3/08 |

Dated: _____          _____
                                  JUDGE SUSAN ILLSTON

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2520 Venture Oaks Way
Suite 390
Sacramento, CA 95833-4227
916.830.7200

FIRMWIDE:82729550.1 009001.1300                    3.                    (No. C 05-04292 SI)

# EXHIBIT "A"



**GOODMAN & ALLEN & FILETTI** PLLC

**Kerri Borchardt Taylor**
Attorney at Law

434.817.2187 Direct    1020 Ednam Center
434.817.2180 Office    Suite 200
434.817.2199 Fax    Charlottesville, VA 22903

ktaylor@goodmanallen.com

July 2, 2007

**VIA FACSIMILE**

The Honorable B. Waugh Crigler
U.S. District Court – Western District of Virginia
255 West Main Street, Room 304
Charlottesville, VA 22902

     RE:   *Greta L. Anderson v. American Airlines, Inc.*
           *Case No. 3:07MC00008*

Dear Judge Crigler:

    Upon receiving a copy of my July 29, 2007, correspondence, Dr. Brown contacted me and asked that I communicate some additional information to the Court for its consideration in this matter.

    Dr. Brown informed me over the weekend that he administered 9 separate psychological tests to Ms. Anderson - 7 of the 9 tests are copyrighted and will require written consent before being copied and released. To date Dr. Brown has only been successful in obtaining written consent from Psychological Assessment Specialists (the consent attached to my letter of July 29th). He has had no response to the consent requests he submitted to the publishers of the 6 other copyrighted tests he administered to Ms. Anderson and has concerns about releasing the test data for those tests without having the proper consent.

    In addition to copyright compliance Dr. Brown is adamant that he is willing only to comply with the law and release raw data to a qualified psychologist. He is requesting that the Virginia Psychological Association Committee on Ethics provide him with a statement in support of this position.

    Finally, we would request guidance from the Court with respect to the actual document production. Specifically, Plaintiff's original subpoena requested that Dr. Brown's records be made available for review at Dr. Brown's office the day before his deposition was to be taken; however, Mr. Redmond recently requested that we forward responsive documents to him in California. Not only would Dr. Brown like to have all of the necessary consents in place before releasing the documents, but he would also like to know how, when and where the documents are to be produced.

---

CHARLOTTESVILLE | RICHMOND | NORFOLK

The Honorable B. Waugn Crigler
Page 2
June 29, 2007

If you have any questions please do not hesitate to call.

With best wishes, I am

Sincerely,

Kerri Borchardt Taylor

KBT:cjr

cc:     Gregory S. Redmond, Esquire
        Kenneth R. O'Brien, Esquire
        Dr. Robert S. Brown
        Ms. Joyce Herrington (PRMS File #:   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-48E)