1  **GREGORY S. REDMOND, ESQ. (SBN 158135)**
   430 Railroad Avenue
2  Pittsburg, CA  94565
   Telephone:     925.427.9023
3  Facsimile:     925.427.3020

4  Attorney for Plaintiff
   GRETA ANDERSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA L. ANDERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　　　Defendant. | Case No.  C 05-04292 SI<br><br>**MOTION IN LIMINE TO ALLOW TRIAL WITNESS TO APPEAR VIA LIVE TELEVIDEO  OR TWO-WAY TELEPHONE**<br><br>Trial Date:   March 3, 2008<br>Courtroom:   10<br>Judge:         Hon. Susan Illston |

　　　　Plaintiff, Greta Anderson, moves the Court for a Motion in Limine to Allow Trial Witness to Appear Via Live Televideo.    Plaintiff intends to call Leona Rowe ("Rowe"), a resident of the State of Maryland, to testify at trial.  Rowe resides in Maryland and is outside of this Court's subpoena power.    Rowe is a Paramedic EMS Training Officer with the State of Maryland, Maryland Institute for Emergency Medical Services Systems.  She was a passenger on a flight on August 20, 2003, (one of the legs of Flight Sequence 25666) wherein Anderson assisted her in tending to a medical emergency on that flight involving a pregnant passenger.  Rowe is willing to appear as a witness via live televideo.

　　　　On August 21, 2003, American Airlines ("AA") removed Plaintiff, flight attendant Greta Anderson, from the last leg of Flight Sequence 25666 ("Flight Sequence") due to her alleged "bizarre" and "erratic" behavior on the Flight Sequence—a series of four flights—as *alleged* by other flight crew members.  On August 26, 2003, AA issued Anderson an order under threat of

MOTION IN LIMINE RE: REQUEST FOR
TELEVIDEO WITNESS TESTIMONY
CASE NO.  C 05-04292 SI

1  termination to submit to a fitness-for-duty examination--the fifth (5) such examination in the span of
2  eight (8) years.[1]

3  On the next to the last leg of Flight Sequence (Ft. Myers, Florida to Dallas), Anderson claims
4  Captain Hoffman raised his fist at her and yelled at her to "get back" to work before take-off of that
5  flight.[2] Sometime during that flight, Captain Hoffman informed American Airlines' flight services
6  in Dallas that he was going to remove Anderson from the Flight Sequence. Upon landing in Dallas,
7  American Airlines' flight services escorted Anderson to a room and demanded that she provide
8  American Airlines with a statement of her "negative" behavior on the Flight Sequence. Captain
9  Hoffman initially told AA that he removed Anderson because she had been in conflict with
10 passengers on each leg of the Flight Sequence. On or after August 29, 2003, just a few days after
11 submitting a written report to AA, Captain Hoffman told the Ft. Myers police that the reason he
12 removed Anderson was because she had threatened to sue him.

13 On August 26, 2003, without having statement from Anderson, American Airlines ordered
14 Anderson to submit to her <u>fifth</u> fitness-for-duty examination in the span of <u>eight</u> years based at least
15 in part based on her alleged "bizarre" and "erratic" behavior on the Flight Sequence.[3]

16 Anderson's behavior on the Flight Sequence was appropriate and professional. Anderson
17 obtained percipient witness passenger statements evidencing her highly professional behavior on the
18 Flight Sequence including statements from another American Airlines' pilot deadheading on a flight
19 and Leona Rowe. On August 20, 2003, Rowe was a passenger on American Airlines flight 450 from
20 Fresno to Dallas--a leg of Flight Sequence 25666. During the flight, a pregnant passenger suffered
21 a medical emergency. Responding to the emergency, Anderson called for passenger medical
22 assistance. Two physicians and Rowe, a paramedic, responded to the call. Anderson assisted Rowe
23 and the physicians with treating the passenger until the plane landed. In a letter dated October 17,

---

[1] Although the decision was made on August 26, 2003, AA did not advise Anderson until September 4, 2003. Instead, on September 4, 2003, AA made Anderson attend a 31R hearing wherein she was falsely told before the meeting that no decision had been made. At the end of the meeting, AA advised Anderson that she was required to attend the Aabilities Clinic and that she was "psychologically" unfit for duty.

[2] On August 29, 2003, Anderson filed a police report with the Ft. Myers police.

[3] In 1995, AA's HR representative Jack Upchurch decided, without AA medical approval, to "make" Anderson submit to a fitness-for-duty examination. However, Plaintiff agreed to voluntarily submit to the examination.

MOTION IN LIMINE RE: REQUEST FOR
TELEVIDEO WITNESS TESTIMONY      2.
CASE NO. C 05-04292 SI

2003, to American Airlines, Rowe stated in part that:

> Ms. Anderson assisted in every aspect of this incident. She got whatever we requested- including the medical kit, and communicated about the situation with the cockpit. She made sure to come to our seats after we settled things down, got our names, addresses, & business cards, and expressed gratitude on behalf of the airline for our assistance. I feel she acted in a very caring and professional manner.

Rowe's statement that Anderson handled an in-flight emergency in a caring and professional manner—just one day before she was removed from her duty on August 21, 2003[4]--is relevant as to whether Anderson performed the essential functions of her job and whether American Airlines removed Anderson due to perceived mental disability. In October 2003, Anderson provided American Airlines with a copy of Rowe's letter and produced this letter to American Airlines in this action.

Federal Rule of Civil Procedure 43(a) permits presentation of testimony in open court by contemporaneous transmission from a different location for good cause shown in compelling circumstances. Good cause is shown where the witness resides outside of the jurisdictional limits of the Court and it would be difficult and costly to have her testify in person at trial. Sussel v. Wynne, 2006 U.S. Dist. LEXIS 72774. ("The Court finds that good cause has been shown in compelling circumstances here because the witness is in Alabama and it would be difficult and costly to have him testify in person at the pretrial conference.").

Here, Rowe resides in Maryland. Given the limited scope of her testimony (Plaintiff expects her testimony would take approximately five (5) minutes), it would be too costly to have Rowe testify at trial. Her testimony is relevant on two points: (1) the testimony will show that Anderson performed the essential functions of her job (including safety duties) in an exemplary manner including one day prior to being removed; and (2) contrary to statements given by other flight crew members, Anderson did not engage in any conflicts with passengers on that flight leg.

Accordingly, Plaintiff requests that the Court allow her to call Rowe as a witness via live televideo subject to cross-examination. Alternatively, Plaintiff requests that if live televideo technology is not available or properly working that Plaintiff be allowed to present Rowe's

---

[4] Anderson has not flown with American Airlines as a flight attendant since August 21, 2003, the date she was removed by Captain Hoffman.

MOTION IN LIMINE RE: REQUEST FOR
TELEVIDEO WITNESS TESTIMONY         3.
CASE NO. C 05-04292 SI

1 testimony via two-way telephone conference testimony subject to cross-examination.  Further, if
2 counsel wishes to show any document to the witness which the witness is testifying, counsel must
3 provide the document to witness prior to the date of the testimony.

Dated:  January 29, 2008                               //_____
                                                                     Gregory S. Redmond, Esq.
                                                                     Attorney for Plaintiff
                                                                     Greta Anderson

   The Court will allow live televideo subject to cross examination if avaiable
   in the courtroom



MOTION IN LIMINE RE: REQUEST FOR
TELEVIDEO WITNESS TESTIMONY     4.
CASE NO.  C 05-04292 SI