1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    GRETA L. ANDERSON,                              No. C 05-04292 SI

9            Plaintiff,                              **ORDER RE: PRETRIAL MOTIONS**

10      v.

11   AMERICAN AIRLINES, INC.,

12           Defendant.
     _____/
13

14

15          On June 6, 2008, the Court held argument in the above captioned matter, which is set for jury

16   trial beginning July 7, 2008.  The following pretrial motions were resolved:

17

18          **Plaintiff's motion for discovery sanctions**: Plaintiff moves for an award of sanctions for

19   defendant's failure to produce emails between Dr. Brown and defendant's employees, including

20   defendant's in-house counsel.  The emails were produced eventually by Dr. Brown prior to his

21   deposition.  This motion is DENIED with respect to plaintiff's request for a jury instruction about

22   discovery abuse, because plaintiff now has the evidence in her possession and because lesser sanctions

23   are more appropriate.  The motion is GRANTED with respect to plaintiff's request for monetary

24   sanctions in the amount of $500 for the two hours plaintiff's counsel spent addressing this motion.

25

26          **Plaintiff's motion for leave to amend her complaint**: Plaintiff moves to amend her complaint

27   to include a claim for violation of a federal aviation regulation in plaintiff's second cause of action.

28   Plaintiff alleges that this violation is based on events occurring in 1995.  Because plaintiff clearly was

United States District Court
For the Northern District of California

aware of these events at the time she filed her lawsuit, and because it appears plaintiff is attempting to add this claim in order to expand the scope of her lawsuit to include actions taken by defendant over ten years ago, plaintiff's motion is DENIED.

**Defendant's objections to plaintiff's custodian of records subpoena**: Defendant seeks to prevent plaintiff from receiving communications between Jack Upchurch and Russell Crisp concerning plaintiff, and from receiving communications between plaintiff and the AMR Board of Directors. This motion is DENIED with respect to communications between Upchurch and Crisp, though plaintiff will have to effect proper service of the subpoena. The motion is GRANTED with respect to the AMR Board of Directors because those documents are not in the possession, custody, or control of defendant.

**Motions in limine**:   The parties filed 13 motions in limine. The Court rules as follows:

**Plaintiff's motions**:

**1.  Plaintiff's motion to exclude evidence of plaintiff's misdemeanor**: Plaintiff has sustained a misdemeanor conviction and seeks to exclude evidence of that conviction. Defendant does not oppose the motion, as long as plaintiff does not raise arguments with regard to the delay plaintiff experienced in receiving her TSA clearance. That delay, defendant argues, was caused by her misdemeanor conviction. This motion is GRANTED, without prejudice to reconsideration should plaintiff discuss at trial the delay in receiving her TSA clearance.

**2.  Plaintiff's motion for an order allowing entry of ELMO projector into the courthouse**: This motion is GRANTED. The parties should provide the Court with the necessary order.

**Defendant's motions:**

**1.  Defendant's motion to bifurcate trial**: Defendant has withdrawn this motion. The trial will not be bifurcated.

**2. Defendant's motion to exclude evidence of events occurring outside of California and prior to the events on which plaintiff's claims are based**: Defendant seeks to preclude evidence of events that occurred in 1995, 1997, 1999, and 2003, which have no connection to California and are

not the basis of plaintiff's claims. Plaintiff concedes she is only seeking damages for actions that occurred more recently and which had some connection to California, but argues that the prior events are relevant background evidence or evidence of defendant's intent or animus. This motion is DENIED as overbroad, because while plaintiff may not seek damages based on these events, plaintiff may introduce the evidence for other reasons. This order is without prejudice to specific objections to specific questions/areas of testimony at trial.

**3. Defendant's motion to exclude evidence of plaintiff's removal from a flight based on federal preemption**: Defendant argues that federal law preempts plaintiff's claims based on her removal from a flight in 2003. Without reaching the question of whether federal preemption applies here, this motion is DENIED as overbroad because plaintiff's claims for damages are not based on her removal from this flight; instead, her claims arise out of events occurring after this removal, and this removal may come in as background evidence in support of plaintiff's claims. This order is without prejudice to specific objections to specific questions/areas of testimony at trial.

**4. Defendant's motion to exclude documents in the EEOC file**: Defendant seeks to exclude a page of unsigned notes evidently drafted by an EEOC employee, as well as a letter from defendant to the EEOC. This motion is GRANTED because the contents of the EEOC file are simply not relevant to the claims being tried in this case.

**5. Defendant's motion to exclude evidence of damages arising out of plaintiff's removal from the 2003 flight**: Plaintiff has acknowledged that she is not seeking damages stemming from the events that occurred on the 2003 flight, so this motion is GRANTED. Consistent with the above motions, however, plaintiff will be permitted to introduce evidence of these events to, *inter alia*, show defendant's intent or provide background information.

**6. Defendant's motion to exclude evidence of prior instances of violence by Captain Hoffman**: Defendant seeks to preclude plaintiff from introducing evidence that Captain Hoffman told plaintiff he threw his son up the stairs, as well as evidence that Captain Hoffman's former spouse had accused him of domestic violence. This motion is GRANTED without prejudice to reconsideration should defendant argue that plaintiff was lying about these events from Captain Hoffman's personal life.

**7. Defendant's motion to excluding evidence regarding plaintiff's access to Dr.**

United States District Court
For the Northern District of California

1    **Brown's report**: Plaintiff does not oppose this motion, and it is GRANTED.

2             **8.  Defendant's motion to preclude plaintiff from testifying about her ability to**

3    **perform her job duties**: Defendant seeks to preclude this testimony by plaintiff because plaintiff is not

4    qualified to give an expert opinion as to whether she could perform the essential duties of her job.  This

5    motion is DENIED because plaintiff is a percipient witness and may testify about whether she believes

6    she was capable of performing her job.  This motion also raises questions about which party bears the

7    burden of proving that plaintiff could perform her job duties.  The Court's tentative holding is that

8    plaintiff must carry this burden because it is unclear how plaintiff could bring a lawsuit of this nature

9    without proving that she was capable of doing her job.  The parties may provide additional briefing on

10   this question, should they wish to do so, by June 17, 2008.

11            **9. Defendant's motion to exclude evidence of defendant's financial condition**: This

12   motion is now moot because the parties have agreed that defendant will state its net worth and that

13   plaintiff's daughter will not testify regarding defendant's financial condition.

14            **10. Defendant's motion to exclude evidence of plaintiff's communications with Dr.**

15   **Brown**: Defendant seeks to preclude plaintiff from introducing evidence of her conversations with Dr.

16   Brown because, at her deposition, plaintiff relied on the Fifth Amendment as grounds for refusing to

17   answer questions about whether she had recorded any of these conversations.  Plaintiff's refusal to

18   answer questions about whether the conversations were recorded does not prevent her, or other

19   witnesses put on by either side, from testifying about the content of those conversations themselves.

20   The Court, however, will consider reading to the jury an adverse inference instruction regarding

21   plaintiff's invocation of the Fifth Amendment.  The motion is DENIED.

22            **11.  Defendant's motion to exclude evidence of plaintiff's lost wages or, in the**

23   **alternative, motion to offset any award for lost wages**: Defendant seeks to exclude evidence of

24   plaintiff's lost wages because defendant argues that plaintiff's annual income following her termination

25   has been higher than her salary during the last few years of employment.  Defendant also asks that any

26   award plaintiff receives for lost wages be offset by the  income which comes from plaintiff's American

27   Airlines pension, as well as earnings from her job at a department store.  The Court's tentative holding

28   is that plaintiff's pension should not be considered a collateral source of income because the pension

**United States District Court**
For the Northern District of California

4

1   is paid by defendant as a result of the former employment relationship between the parties.  The parties

2   may provide additional briefing on this question, should they wish to do so, by June 17, 2008.

3

4          It is further ordered that the parties provide a set of jointly-proposed preliminary instructions for

5   the jury, to be read before trial begins, which will outline the substantive claims in the case and which

6   will identify the actions for which damages are sought, and distinguish them from evidence which will

7   be presented for background, context or as evidence of motive or animus.  **Such preliminary**

8   **instructions shall be filed by June 17, 2008.**

9

10          **IT IS SO ORDERED.**

11

12  Dated: June 6, 2008                                    _____

13                                                         SUSAN ILLSTON
                                                           United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5