IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRETA L. ANDERSON,                                    No. C 05-4292 SI

            Plaintiff,
  v.

AMERICAN AIRLINES, INC.,

            Defendant.
                                           /

**PRELIMINARY JURY INSTRUCTIONS**

## DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## IDENTIFICATION OF PARTIES

The Plaintiff in this case is Greta Anderson. The Defendant is American Airlines, Inc. ("American").

## DISABILITY DISCRIMINATION

Greta Anderson claims that American Airlines, Inc. unlawfully discriminated against her based on her perceived mental disability. Defendant American Airlines denies Greta Anderson's claim. To establish this claim, Greta Anderson must prove all of the following by a preponderance of the evidence:

1. That American Airlines was an employer;
2. That Greta Anderson was an employee of American Airlines;
3. That American Airlines thought Greta Anderson had a mental disorder that limited a major life activity;
4. That Greta Anderson was able to perform the essential job duties;
5. That American Airlines discharged Greta Anderson;
6. That American Airlines' belief that Greta Anderson had a mental disorder was a motivating reason for the discharge;
7. That Greta Anderson was harmed; and
8. That American Airlines' decision was a substantial factor in causing Greta Anderson's harm.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## "ESSENTIAL FUNCTIONS" EXPLAINED

"Essential functions" means the fundamental job duties of the employment position the individual with a disability holds or desires. "Essential functions" does not include the marginal functions of the position.

A job function may be considered essential for any of several reasons, including, but not limited to, any one or more of the following: (A) The function may be essential because the reason the position exists is to perform that function; (B) The function may be essential because of the limited number of employees available among whom the performance of that job function can be distributed; or (C) The function may be highly specialized, so that the incumbent in the position is hired for his or her expertise or ability to perform the particular function.

## PLAINTIFF'S BURDEN OF PERSUASION

The ultimate burden of persuasion remains at all times with Plaintiff to show that Defendant intentionally discriminated against her because of her perceived disability.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)  the sworn testimony of any witness;

(2)  the exhibits which are received into evidence; and

(3)  any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements; [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls;

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it; and

(4) Anything you may have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

If I instruct you that certain evidence is not to be considered when deciding whether or not to impose liability, you must disregard that evidence when making your decision as to whether Plaintiff has proved her case. If I instruct you that certain evidence is not to be considered when assessing damages, you must disregard that evidence when deciding the damages that Plaintiff has proved.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

6

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to Tracy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberations and verdict, you are not to discuss the case with your fellow jurors.

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case. Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.