IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA L. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant.<br>_____/ | No. C 05-04292 SI<br><br>**ORDER RE: DEFENDANT'S MOTION IN LIMINE NO. 11** |

In its June 6, 2008 Order, the Court previously made a tentative ruling on defendant's motion to exclude evidence of plaintiff's lost wages or offset plaintiff's award of damages by the income she earned from her American Airlines pension. The Court has considered the new case cited by plaintiff regarding the collateral source rule, but need not rely on it. The Court finds that although the caselaw in this area is not entirely clear, in this instance the retirement benefits paid to plaintiff were not paid as compensation for defendant's potential liability, and therefore are a collateral source and offset is inappropriate. *See McQuillan v. S. Pac. Co.*, 40 Cal. App. 3d 802, 808 (Cal. Ct. App. 1974) ("It is clear from the nature of the retirement system that the contributions by the State to the retirement fund were not contributions made by it as a tortfeasor but resulted from a contractual and statutory obligation completely outside the notions of tort liability. Rather, they fall within the ambit of the cases that hold pension and insurance payments to be collateral sources which are not intended to benefit a tortfeasor and which do not reduce his liability."); *Rotolo Chevrolet v. Superior Court*, 105 Cal. App. 4th 242, 245 (Cal. Ct. app. 2003) (pensions "are considered to have been secured by the plaintiff's efforts as part of his employment contract, and the tortfeasor is entitled to no credit for them"); *see also Russo v. Matson Navigation Co.*, 486 F.2d 1018, 1020-21 (9th Cir. 1973).

Defendant also reminds the Court that it has not yet ruled on whether plaintiff may seek any damages for lost wages. Defendant argues that she may not because she cannot demonstrate that she was "ready, willing, and able" to perform her job duties because she was not designated as fit to fly by a medical doctor. The Court disagrees. Defendant's motion asks the Court to decide one of the ultimate factual issues that must be decided at trial, and as such must be DENIED.

**IT IS SO ORDERED.**

Dated: July 2, 2008

SUSAN ILLSTON
United States District Judge

2