IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRETA L. ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN AIRLINES,<br><br>    Defendant.<br>_____/ | No. C 05-04292 SI<br><br>**ORDER RE: PLAINTIFF'S CLAIM FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

Plaintiff Greta Anderson alleges that defendant American Airlines, Inc. unlawfully terminated her based on her perceived mental disability, in violation of California's Fair Employment and Housing Act (FEHA). This claim will be presented to the jury for determination.

In addition, she claims that American Airlines wrongfully terminated her in violation of public policy, in that she was fired because she requested access to her health care information from Dr. Brown. She contends that HIPAA entitled her to request a copy of Dr. Brown's report about her, and that American (wrongfully) terminated her for making repeated requests under 45 C.F.R. 164.524(b)(1). Plaintiff has acknowledged that § 164.524(a) does not apply here because Dr. Brown, as well as plaintiff's own doctor, determined that access to the report would be reasonably likely to endanger plaintiff's physical safety. *See* 45 C.F.R. § 164.524(a)(3)(i). However, plaintiff argues that § 164.524(b)(1) provided her with a right to continue to request access to the report even after Dr. Brown had provided the report to her own doctor; after both Dr. Brown and her own doctor determined that access was not appropriate in the absence of a therapeutic relationship; and after defendant told her to stop requesting access to the report.

Defendant moves to preclude plaintiff from pursuing this latter claim for wrongful termination

in violation of public policy, and the Court agrees. First, the Court already ruled, in response to a motion *in limine* brought by defendant, that plaintiff was precluded "from using any facts related to Dr. Brown's decision to release his report only to a qualified medical provider designated by Plaintiff and not to Plaintiff directly upon request to support Plaintiff's second cause of action for Wrongful Termination in Violation of Public Policy." Defendant's Motion in Limine No. 7. Plaintiff did not oppose the motion.

Second, the Court holds that, as a matter of law, plaintiff cannot argue that her termination violated the public policy embodied in § 164.524(b)(1) when it is undisputed that a copy of the report was provided to her doctor; that her access to the report was deemed to be detrimental to her health under § 164.524(a)(3); and that she requested access to the report multiple times after being denied on these grounds.[1] Accordingly, plaintiff is precluded from asserting her second cause of action [Docket No. 170].

**IT IS SO ORDERED.**

Dated: July 14, 2008

SUSAN ILLSTON
United States District Judge

---

[1] It is defendant's position, supported by substantial evidence, that both Dr. Brown and ultimately American regarded plaintiff's repeated requests for the report to be harassment which substantially interfered with Dr. Brown's office practice and peace of mind. Even if Dr. Brown had wrongfully refused to provide a copy of the report to plaintiff, through her physician, which this Court finds he did not, such harassing behavior could independently be sanctioned by an employer.