IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GRETA L. ANDERSON,                              No. C 05-4292 SI

             Plaintiff,
  v.

AMERICAN AIRLINES, INC.,

             Defendant.
                                               /

**JURY INSTRUCTIONS**

**DUTY OF JURY**

Members of the Jury: Now that you have heard all of the evidence and you will hear the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not

United States District Court
For the Northern District of California

witnesses. What they have said in their opening statements; [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls;

  (2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it;

  (3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it; and

  (4) Anything you may have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at trial.

### EVIDENCE FOR LIMITED PURPOSE

  Some evidence has been admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

  If I instructed you that certain evidence is not to be considered when deciding whether or not to impose liability, you must disregard that evidence when making your decision as to whether Plaintiff has proved her case. If I instructed you that certain evidence is not to be considered when assessing damages, you must disregard that evidence when deciding the damages that Plaintiff has proved.

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question may be answered or the exhibit received. If I sustained the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence

**CREDIBILITY OF WITNESSES**

A witness is a person who has knowledge related to this case. You will have to decide whether you believe each witness and how important each witness's testimony is t o the case. You may believe all, part or none of a witness's testimony.

In considering whether to believe a witness's testimony, you may consider, among other factors, the following:

(a) How well did the witness see, hear or otherwise sense the things that he or she described in court?

(b) How well did the witness remember and describe what happened?

(c) How did the witness look, act and speak while testifying?

(d) Did the witness have any reason to say something that was not true?  Did the witness show any bias or prejudice?  Did the witness have a personal relationship with any of the parties involved in the case?  Does the witness have a personal stake in how this case is decided?

(e) What was the witness's attitude toward this case or about giving testimony?

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

Do not make any decision simply because there were more witnesses on one side than on the other.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased against any witness because of his or her race, sex, religion, occupation, sexual orientation or national origin.

**PLEADING THE FIFTH AMENDMENT - ADVERSE INFERENCE**

During the discovery stage of these proceedings, American took plaintiff's deposition, at which American was entitled to ask questions of plaintiff. During the deposition plaintiff was asked whether she had recorded any of her conversations with Dr. Brown, Dr. Price, Dr. White and Mr. Michael Lambert. Plaintiff refused to answer any of these questions and invoked her rights under the Fifth Amendment. You are entitled to draw an inference that plaintiff refused to answer because the answer and an information disclosed thereby would be damaging to plaintiff's case.

You are also entitled to decide that plaintiff could have produced recordings of her conversations with Dr. Brown, Dr. Price, Dr. White and Mr. Michael Lambert and that she did not produce such recordings because they would be damaging to her case. If yo decide that plaintiff could have produced recordings of those meetings, you can choose to distrust plaintiff's weaker evidence (i.e., her own recollection) and instead infer that the stronger evidence (the tapes) would be damaging to plaintiff's case.

If you believe that any party willfully concealed or destroyed evidence in order to prevent its being presented in this trial, you ay rely on that fact in determining that such evidence would have been damaging to that party.

United States District Court
For the Northern District of California

**CLAIMS AND DEFENSES**

The Plaintiff Greta Anderson claims that she was discriminated against and unlawfully terminated because of her perceived mental disability. Greta Anderson has the burden of proving these claims by a preponderance of the evidence.

Defendant American Airlines, Inc. denies Greta Anderson's claims and contends that she was terminated for insubordination.

**DISABILITY DISCRIMINATION**

Greta Anderson claims that American Airlines, Inc. unlawfully discriminated against her based on her perceived mental disability. Defendant American Airlines denies Greta Anderson's claim.

To establish this claim, Greta Anderson must prove all of the following by a preponderance of the evidence:

1. That American Airlines was an employer;
2. That Greta Anderson was an employee of American Airlines;
3. That American Airlines mistakenly thought Greta Anderson had a mental disability that limited a major life activity;
4. That Greta Anderson was able to perform her essential job duties;
5. That American Airlines discharged Greta Anderson;
6. That American Airlines' mistaken belief that Greta Anderson had a mental disability was a motivating reason for the discharge;
7. That Greta Anderson was harmed; and
8. That American Airlines' decision was a substantial factor in causing Greta Anderson's harm.

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**"MENTAL DISABILITY" DEFINED**

The term "mental disability" is defined as any mental or psychological disorder or condition that limits a major life activity, including working.

**"ESSENTIAL JOB DUTIES" EXPLAINED**

"Essential job duties" means the fundamental job duties of the employment position the plaintiff holds or desires. "Essential job duties" does not include the marginal functions of the position.

A job duty may be considered essential for any of several reasons, including, but not limited to, any one or more of the following: (A) The job duty may be essential because the reason the position exists is to perform that duty; (B) The job duty may be essential because of the limited number of employees available among whom the performance of that job duty can be distributed; or (C) The job duty may be highly specialized, so that the incumbent in the position is hired for his or her expertise or ability to perform the particular duty.

**"MOTIVATING REASON" EXPLAINED**

A "motivating reason" is a reason that contributed to the decision to take certain action, even though other reasons also may have contributed to the decision.

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have

8

to be the only cause of the harm.

## DISABILITY DISCRIMINATION - BURDEN OF PROOF

Greta Anderson claims that American Airlines unlawfully discriminated against her based on perceived mental disability.  To establish this claim, Greta Anderson must prove that she was able to perform the essential duties of her job.  The ultimate burden of persuasion remains at all times with Plaintiff to show that Defendant intentionally discriminated against her because of her perceived disability.

## RELIANCE ON MEDICAL OPINIONS OF DOCTORS

An employer is entitled to rely on the opinions of a physician regarding an employee's physical and mental limitations.

## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court noes not mean to suggest for which party your verdict should be rendered. The plaintiff has the burden of proving damages by a preponderance of the evidence.

If you determine that defendant intentionally discriminated against plaintiff on the basis of perceived mental disability, then you must determine the amount of damages that defendant's actions have caused plaintiff. Damages means the amount of money which will reasonably and fairly compensate plaintiff for any injury you find was cased by defendant. You should consider the following:

1. The mental and/or emotional pain and suffering experienced by plaintiff and which with reasonable probability will be experienced by her in the future; and

2. The reasonable value of earnings lost by plaintiff during such time as she was ready, willing and able to work. If you find that plaintiff is entitled to recover such lost earnings, the parties have agreed that the net value of earnings lost by plaintiff, from August 8, 2003 up to her anticipated retirement age of 60 is $238,333.

It is for you to determine what damages, if any, have been proved. You award must be based upon evidence and not upon speculation, guesswork or conjecture.

You must not compensate plaintiff for any lost wages that relate to any period when she was she was not ready, willing and able to work, or for any events which occurred prior to August 22, 2003.

## RECOVERY IS LIMITED TO DAMAGES CAUSED BY DEFENDANT

Plaintiff may only recover damages for injuries that were caused by defendant's actions. Under the law, a defendant's conduct "caused" plaintiff's loss or harm if that conduct was a substantial factor in bringing it about. When I instruct you that the plaintiff has the burden of proving damages by a preponderance of the evidence, I meant at plaintiff must probe by a preponderance of the evidence that defendant's conduct was a substantial factor in bringing about the loss or harm. If plaintiff suffered damages that were not caused by defendant, she may

not recover for those damages.

## ECONOMIC AND NON-ECONOMIC DAMAGES

The damages claimed by plaintiff Greta Anderson for the harm caused by defendant American Airlines, inc. fall into two categories, called economic damages and non-economic damages. You will be asked on the verdict form to state the two categories of damages separately.

## EMOTIONAL DISTRESS DAMAGES (NON-ECONOMIC DAMAGES)

Plaintiff alleges that she suffered emotional distress damages as a result of defendant's unlawful conduct. If you find that plaintiff established that she suffered such damages, you must determine the amount of emotional distress damages she should be awarded. The purpose of emotional distress damages is not to punish the defendant. Rather, the purpose of emotional distress damages is to compensate plaintiff for harm she actually suffered.

There is no fixed standard for determining the amount of emotional distress damages to award. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

## PLAINTIFF CANNOT CLAIM DAMAGES ATTRIBUTABLE TO THE LITIGATION PROCESS

You may not award plaintiff any damages (including emotional distress) attributable merely to the litigation process. This includes any emotional distress that may have been suffered by plaintiff at her deposition or during the course of this trial. This also includes any financial losses she has incurred in pursuing this lawsuit.

## ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. You award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that

11

has been admitted during trial.

12

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to Tracy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberations and verdict, you are not to discuss the case with your fellow jurors.

## TAKING NOTES

Some of you have taken notes to help you remember the evidence. If you did take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court

United States District Court
For the Northern District of California

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.